UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN D. PUCHNER,

    Petitioner,

v.                              Case No. 22-C-1203

MICHAEL P. MAXWELL, et al.,

    Respondents.

## SCREENING ORDER

On October 17, 2022, Petitioner John Puchner filed this petition pursuant to 28 U.S.C. § 2241 challenging his confinement in May of 2021 for civil contempt. A previous petition challenging his confinement at that time was dismissed as moot by Judge Adelman on March 31, 2022, as he was no longer in custody. *Puchner v. Severson*, No. 22-C-107 (E.D. Wis.). Along with his new petition, Puchner has filed a motion for "collateral estoppel on the filing fee." Dkt. No. 2. In his motion, Puchner asserts that the court recently found that he was indigent and granted his motion for leave to proceed without prepayment of the filing fee. *See Puchner v. Severson*, No. 22-C-891, Dkt. No. 22 (E.D. Wis. Aug. 30, 2022). Based on Puchner's assertion that his circumstances have not changed since the court's prior ruling and that he does not have sufficient funds to pay the filing fee for this action, Puchner's motion, which the court construes as a motion for leave to proceed without prepayment of the filing fee, is granted.

Puchner has named as respondents Waukesha County Circuit Judge Michael Maxwell, Waukesha County Sheriff Eric Severson, Chief U.S. District Judge Pamela Pepper, U.S. District Judge J.P. Stadtmueller, U.S. District Judge Lynn Adelman, and U.S. District Judge Brett Ludwig.

It appears that Puchner is attempting to manipulate the system by naming the other federal judges in this district to judge shop. Because the petition is silent as to any action taken by any of the judges that would plausibly state a claim against them, they are dismissed from this action.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. Rule 4 applies to cases brought under § 2241 as well. *Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006).

This case, like others Puchner has filed, relates to a sentence imposed by the Waukesha County Circuit Court after Puchner was found in contempt for failing to comply with various orders and obligations associated with a divorce and child-custody matter. On May 7, 2021, the Waukesha County Circuit Court entered an order granting a divorce to Puchner's former spouse. In the same order, the court found Puchner in contempt for failing to comply with court orders and pay certain court-ordered expenses. The court imposed a sentence of six months and seven days in jail, to be served consecutive to any other sentence. On May 21, 2021, the court found Puchner in contempt for failing to pay guardian ad litem fees, failing to pay court-ordered child support, and violating a court order prohibiting Puchner from emailing the court's clerk. The court sentenced Puchner to an additional 97 days in jail, to be served consecutive to the prior sentence.

In his § 2241 petition, Puchner asserts that, although he suffered a heart attack on May 5, 2021, he was required to give testimony during a motion hearing in his family law action. He asserts that, by requiring him to testify, the state court violated his rights under the Sixth and Fourteenth Amendments and warrants a mistrial. He also asserts that the trial court discriminated

2

Case 2:22-cv-01203-WCG   Filed 10/17/22   Page 2 of 4   Document 5

against him by granting custody of the children to his former spouse, that the trial court violated his right to due process by preventing him from filing anything with the Waukesha County Circuit Court or Wisconsin appellate courts, and that the trial court has prohibited from transferring the case to another court.

Puchner's grounds for relief are not appropriate for a § 2241 action. Generally, § 2241 is "reserved for attacking the execution, not imposition, of a sentence . . . ." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam); *see also Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("[C]hallenges brought by federal prisoners that implicate the fact or duration of confinement but do not stem from the original conviction or sentence can be brought only under 28 U.S.C. § 2241."). Puchner is not challenging the duration of his confinement (his May 2021 confinement has already ended); therefore, he cannot procced under § 2241. His claims must be brought in a civil rights case under 42 U.S.C. § 1983, not a habeas petition. But as Puchner is well aware, he is barred from doing so because the court has imposed a filing bar preventing him from filing any papers, except for those in defense of a federal criminal case or applying for a writ of habeas corpus, in this court. *See Puchner v. Maxwell*, No. 21-C-596, 2021 WL 2188300, at *2–3 (E.D. Wis. May 28, 2021) (Stadtmueller, J.). Puchner cannot avoid the court's filing bar by shoehorning improper claims into habeas petitions.

To the extent Puchner is attempting to challenge his current sentence, this is essentially the same challenge he raised in a previous petition for writ of habeas corpus he filed in this district. *See Puchner v. Severson*, No. 22-C-891 (E.D. Wis.). The court's decision in that case is currently on appeal. As to the May 2021 sentence, because Puchner was released from custody in connection with the May 2021 contempt orders, his challenge to that custody is moot. *See Puchner v. Kruziki*, 111 F.3d 541, 543–44 (7th Cir. 1997) (holding that because a Wisconsin contempt order does not

3

carry the same collateral consequences as a criminal conviction, a habeas petition becomes moot upon the petitioner's release from custody).

For these reasons, the petition for writ of habeas corpus is **DISMISSED**. Puchner's motion for collateral estoppel, which the court construes as a motion for leave to proceed without prepayment of the filing fee, is **GRANTED**. A certificate of appealability is **DENIED**. The court concludes that reasonable jurists would not find it debatable whether the court was correct in its ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED** at Green Bay, Wisconsin this 17th day of October, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge